```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHARON JOYNER, Individually and
on behalf of all others similarly situated          Index No. 1:22-cv-2226-VSB

                          Plaintiff,                **MEMORANDUM OF
                                                    LAW IN SUPPORT OF
                                                    MOTION TO DISMISS**
     -against-

APPAMAN INC.,

                          Defendant.
------------------------------------------------------------------X
```

# Table of Contents

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................................ 1
BACKGROUND ................................................................................................................................ 2
ARGUMENT ...................................................................................................................................... 3
   I.    Standard of Review................................................................................................................ 3
   II.   Plaintiff Lacks Standing to Bring Her ADA Claim Because she Fails to Plead an "Injury in Fact"................................................................................................................................... 4
   III.  Plaintiff Fails to Plead Sufficient Facts to State an ADA Claim .................................... 9
   IV.  Plaintiff Lacks Standing on Her NYCHRL Claim Because She Fails to Plead an "Injury in Fact"................................................................................................................................... 9
   V.   Plaintiff Fails to Plead Facts Sufficient to State a Claim for NYCHRL .......................... 9
CONCLUSION ................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Amidax Trading Grp. V. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) ............................... 5
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 5
*Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007) ............................................................ 5
*Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017) ................................................................ 12
*EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 257 (2d Cir. 2014) ......................................... 5
*Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) .............................................................. 5
*Faulker v. Beer*, 463 F.3d 130, 134-35 (2d Cir. 2006) .................................................................. 5
*Friends of the Earth, Inc. v. Laidlaw Envtl, Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) ..... 6
*Kresler v. Humane Soc'y of New York*, 2018 U.S. Dist. LEXIS 171147, 2018 WL 4778914
  (S.D.N.Y. Oct. 3, 2018) ............................................................................................................ 11
*Mendez v. Apple Inc.*, 2019 U.S. Dist. LEXIS 110640, 2019 WL 2611168 (S.D.N.Y. Mar. 28,
  2019) .......................................................................................................................................... 9

**Statutes**

N.Y.C. Admin. Code §§ 8-120(8), 8-126(a), and 8-502 ................................................................ 12
N.Y.C. Admin. Code §8-127(a) .................................................................................................... 12
New York City Human Rights Law, N.Y.C. Administrative Code §§8-101 ................................. 4

Defendant Appaman, Inc. ("Appaman") submits this memorandum of law in support of its motion to dismiss Plaintiff Sharon Joyner's ("Plaintiff") Complaint per Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's complaint against Appaman is one of 10 complaints[1] she filed in the Southern District of New York in March 2022 against various corporate defendants alleging that the companies' websites violate the Americans with Disabilities Act ("ADA") because they fail to comply with certain website accessibility guidelines. Plaintiff generally alleges that she visited Appaman's website to "purchase products, goods, and/or services" and that the website had accessibility issues, including: (1) the screen reader reading the word "link" without stating what the link is for; and (2) the screen reader failing to read the item description link. ECF. Doc. 1, Compl. ¶ 2. Plaintiff, however, makes only conclusory allegations and fails to plead sufficient facts to establish she sustained any injury-in-fact occurring from Appaman's alleged non-compliance. Accordingly, Plaintiff lacks Article III standing to bring this action, and the Court lacks jurisdiction to hear her ADA claim and her state law claims. Further, Plaintiff has failed to plead facts sufficient to state any claim on which relief can be granted on both her federal and state law claims.

Accordingly, and as discussed below, Appaman requests that the Court dismiss all of Plaintiff's claims for lack of standing for failing to sufficiently plead any injury. Alternatively, Appaman requests the Court to dismiss Plaintiff's claims for alleged violations of the ADA, the

---

[1] *See, e.g., Joyner v. Gooselings LLC*, Case No. 1:22-cv-2219 (S.D.N.Y. Mar. 17, 2022); *Joyner v. Sparkart Group Inc.*, Case No. 1:22-cv-2221 (S.D.N.Y. Mar. 17, 2022); *Joyner v. Isabel Garreton, Inc.*, Case No. 1:22-cv-2222 (S.D.N.Y. Mar. 17, 2022); *Joyner v. ST SP LLC*, Case No. 1:22-cv-2223 (Mar. 17, 2022); *Joyner v. Ingamia, Inc.*, Case No. 1:22-cv-2224 (Mar. 17, 2022); *Joyner v. Haute Baby, Inc.* Case No. 1:22-cv-2225 (Mar. 17, 2022); *Joyner v. Sticky Be Apparels, LLC*, Case No. 1:22-cv-2227 (Mar. 17, 2022); *Joyner v. Simplyworkout*, Case No. 1:22-cv-2422 (Mar. 24, 2022); and *Joyner v. Tutudumonde, Inc.*, Case No. 1:22-cv-2423 (Mar. 24, 2022).

New York City Human Rights Law, N.Y.C. Administrative Code §§8-101, *et seq*. ("NYCHRL"), and injunctive relief, for failure to state a claim for relief that is plausible on its face.

## BACKGROUND

Appaman is a retailer of children's clothes, and sells such clothing on its website, www.appaman.com, and in retail stores.[2] Compl. ¶¶ 2, 20. Plaintiff, a resident of New York City, is visually impaired and legally blind, and uses the NonVisual Desktop Access ("NVDA") screen-reader to access websites. *Id.* ¶¶ 1, 12, 16, 22. For screen-reading software to work, information on a website must be capable of being rendered into text. *Id.* ¶ 18. Plaintiff alleges that Appaman's website violates ADA Title III and the NYCHRL because it is not equally accessible to the blind and visually-impaired. *Id.* ¶ 4. Further, Plaintiff seeks to certify a nationwide class and a New York City sub-class of "all visually-impaired or legally blind individuals . . . who have attempted to access [Appaman's] website and have been denied access to the equal enjoyment of goods and/or services offered on the website." *Id.* ¶ 29.

Plaintiff generally alleges that she visited Appaman's website in March 2022 and "encountered multiple access barriers that denied Plaintiff full and equal access to the goods and/or services offered to (and made available for) the general public." *Id.* ¶ 22. Plaintiff, however, fails to specifically identify when, for what purpose, for what items, and on what specific page(s) and product(s) she encountered accessibility barriers. Rather, Plaintiff generally alleges

---

[2] In evaluating a motion to dismiss a court may consider facts alleged in the pleadings, documents attached as exhibits or incorporated in the pleadings, and matters of which judicial notice may be taken. *Dubois v. Beaury*, 2022 U.S. App. LEXIS 14647 at * 4, 2022 WL 1701497 (2d Cir. May 27, 2022). When a document or piece of information is not incorporated by reference, a court may still consider it if the complaint relies heavily upon it and the document or information is integral to the complaint. *See*, *Salameno v. Rawlings*, 2021 U.S. Dist. LEXIS 53454 at *18, 2021 WL 1085521 (S.D.N.Y. Mar. 22, 2021). Here, because the Appaman website is integral to Plaintiff's Complaint, the information contained on the website might be relied upon by the Court, including the brick and mortar retail locations where Appaman's apparel is sold and the company contact information.

that on Appaman's website the screen reader she uses "reads the work 'link' without stating what the link is for," and "fails to read the item description link." *Id*. ¶ 23.

## ARGUMENT

**I.     Standard of Review**

When reviewing a Rule 12(b)(1) challenge to a court's jurisdiction, the Second Circuit requires that the court apply the same standard as a Rule 12(b)(6) motion to dismiss. *See Amidax Trading Grp. V. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (on a "Rule 12(b)(1) motion to dismiss, [the plaintiff] must allege facts that affirmatively and plausibly suggest it has standing to sue") (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Facial plausibility" requires "factual content" supporting a reasonable inference of defendant's responsibility for the claimed misconduct, and making "naked assertion[s]" without "further factual enhancement" are not sufficient. *Id.* (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)). Plaintiffs must plead sufficient facts to make their claims plausible rather than possible. *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*). Conclusions, unsupported by facts, are ignored. *Id*. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 566 U.S. at 678. If a complaint does not include specific factual allegations to elevate a plaintiff's claims "above the speculative level," the claims must be dismissed as a matter of law. *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 257 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

When considering a motion to dismiss, the court must limit its analysis to those facts stated in the complaint and documents integral to the claims in the complaint on which the plaintiff relied. *Faulker v. Beer*, 463 F.3d 130, 134-35 (2d Cir. 2006). Here, the Appaman website is integral to

3

Plaintiff's claims and the Court may consider information contained on the website in evaluating the instant motion.

**II.     Plaintiff Lacks Standing to Bring Her ADA Claim Because she Fails to Plead an "Injury in Fact"**

Plaintiff's ADA claim should be dismissed because Plaintiff does not satisfy her burden to make a basic threshold showing that she has suffered an injury in fact sufficient for Article III standing. *See*, *Spokeo, Inc. v Robins*, 578 U.S. 330, 338 (2016). To have Article III standing, a plaintiff must plead that "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl, Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). An injury is "concrete" if it actually exists as opposed to being abstract. *Spokeo*, 578 U.S. at 352.

The plaintiff in *Spokeo* alleged violations of the Fair Credit Reporting Act, but failed to allege an injury in fact occurred. *Id*. at 342. The Supreme Court held that a plaintiff does not "automatically satisf[y] the injury-in-fact-requirement wherever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 341. Here, Plaintiff fails to allege that Appaman's website caused her any "concrete and particularized" injury. *Id*. at 333. Plaintiff alleges that Appaman's website contains access barriers that causes her screen reader to read the word "link" without identifying what the link is for and it fails to read an item description link. Compl. ¶ 23. However, Plaintiff has failed to identify for what purpose she visited the Appaman website, where on Appaman's website she allegedly encountered these barriers, and she fails to allege any specific injury that she actually suffered. Rather, she merely alleges that she was interested in purchasing products and that she "intends to

4

return to the website in order to transact business there as soon as the accessibility barriers are cured." *Id*. ¶ 24. Curiously, Plaintiff fails to address that Appaman's website includes information on various brick and mortar retail locations where Appaman apparel can be purchased.[3] Plaintiff's Complaint does not allege that she could not access the "Find a Store" function on the website. In New York State there are 44 retail locations that sell Appaman apparel; including 25 locations in New York City, Brooklyn, and Queens. Therefore, even if Plaintiff's allegations are accepted as true that Appaman's website had accessibility barriers that prevented her from purchasing any specific items online, she still could have used the website to be able to purchase any Appaman apparel items from a physical retail location. Therefore, Plaintiff cannot establish that she was prevented in any way from purchasing any Appaman products in which she was interested.

Further, Plaintiff's Complaint makes no mention of her attempting to contact Appaman concerning either any website accessibility barriers she encountered, or for any questions she had about any specific product, or to actually purchase a product. Appaman's website includes a "Contact" page, which Plaintiff does not allege was inaccessible to her NVDA reader, and which lists an email, phone number, and mailing address for anyone to utilize.[4] Therefore, Plaintiff cannot establish that she has been denied "the opportunity to participate in – or benefit from – the products, services, facilities, privileges, advantages, or accommodations of" Appaman. Compl. ¶ 40. The Appaman website offered Plaintiff alternate means for her, or any other visually impaired person, to get information on products or transact business. Therefore, Plaintiff's claims fail as a matter of law.

---

[3] See https://www.appaman.com/pages/locations#New%20York (last accessed June 20, 2022).
[4] See https://www.appaman.com/pages/contact (last accessed June 20, 2022).

272217878v.1

Instead of contacting Appaman or going to a physical store, Plaintiff filed this lawsuit. Plaintiff's complaint contains threadbare, conclusory allegations that cannot withstand a Rule 12(b)(1) or 12(b)(6) motion. *See*, *Amidax*, 671 F. 3d at 145-46 (a court "need not 'credit a complaint's conclusory statements'" when determining whether a plaintiff has alleged facts sufficient to support standing). Accordingly, Plaintiff's Complaint should be dismissed.

As referenced above, Plaintiff filed a total of 10 website accessibility lawsuits in March 2022 against various defendants. Six of the lawsuits concern infant or children's apparel, two are for adult exercise apparel is for yoga/Pilates apparel, one is for ghost apparel, and one is for tutus. In none of these lawsuits, particularly this instant matter, does Plaintiff allege when she specifically visited the applicable website and what products she intended to purchase, if anything, and was denied the opportunity to purchase. Nowhere in her Complaint against Appaman does Plaintiff allege on what page(s) or for what product(s) on Appaman's website her screen reader read the work "link" without stating what the link was for, or that the errors specifically occurred for a product she was interested in purchasing. She also does not allege the same for any specific page(s) or product(s) for which she claims the "screen reader fails to read the item description link." Compl. ¶ 23. Further, Plaintiff has failed to connect either of these purported accessibility barriers to any concrete and particularized, actual and imminent injury, as opposed to an injury that is conjectural or hypothetical. Plaintiff attempts to frame her Complaint that her injury sustained was that she could not purchase Appaman products because of the purported website accessibility barriers. This, however, is not true. Plaintiff still could have purchased any Appaman's products in which she was interested from any of the New York based retail locations listed on Appaman's website. Plaintiff does not allege that there were any website accessibility barriers concerning the "Find a store" portion of the website. Further, Plaintiff could have

contacted Appaman via phone, email, or regular mail, to alert the company of any website accessibility issues she encountered, to obtain information on any specific product, and to purchase same. Plaintiff, therefore, cannot establish that she has been "denied full and equal access" or that she "has not been provided goods and/or services that are provided to other patrons who are not disabled." Compl. ¶ 44. Plaintiff's Complaint, therefore, fails as a matter of law.

Rather, even if Plaintiff's alleged injury is that she would have to go to a retail store versus purchasing something online only or having to contact a customer service representative, Plaintiff merely alleges that she was interested in purchasing unspecified products purportedly offered on Appaman's website, and that she might return to transact business as soon as the accessibility barriers are cured. *Id*. ¶ 24. This, however, is a pure example of a conjectural or hypothetical injury. Plaintiff has not specifically identified what products on Appaman's website she was allegedly prevented from buying, if any. Her conclusory, conjectural, and hypothetical allegations are insufficient to confer Article III standing, and the Court should dismiss Plaintiff's ADA claim in its entirety.[5]

In *Mendez v. Apple Inc.*, a visually impaired plaintiff brought a purported class action alleging *inter alia*, as here, violations of the ADA and the NYCHRL, because of claimed website accessibility barriers. *Mendez v. Apple Inc.*, 2019 U.S. Dist. LEXIS 110640, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019). Because plaintiff failed to assert any concrete, actual injuries, Judge Preska found that plaintiff's complaint failed as a matter of law and dismissed it, accordingly. As with our current Plaintiff, plaintiff Mendez generally alleged that Apple's website had barriers that prevented her from accessing goods and services. *Mendez*, 2019 U.S. Dist. LEXIS 110640 at

---

[5] Under a Rule 12(b)(6) motion standard, Plaintiff has similarly failed to state a claim, plausible on its face, upon which relief can be granted because she has failed to plead sufficient allegations to elevate her ADA claim "above the speculative level" per *Twombly* and *Iqbal*. *See*, *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

272217878v.1

*2-3. Plaintiff Mendez failed to adequately plead that she sustained any injuries-in-fact with the required specificity, such as a date she attempted access or what good or service she was prevented from purchasing. *Id*. at *3-4. Mendez, like our current Plaintiff, also did not identify what sections of Apple's website she tried to access but could not. *Id*. at *4. "If Plaintiff wanted one of Defendant's products or services at a particular date but was frustrated by Defendant's barriers, surely she could have pointed to something more specific than what is given." *Id*. at *6. The same applies here.

Our Plaintiff vaguely references that she visited the Appaman website in March 2022, but does not allege why she accessed the website and what, if anything, she intended to purchase or how she was prevented, in fact, from purchasing anything. Moreover, Plaintiff fails to allege on what page(s) or for what product(s) she specifically encountered the purported accessibility barriers claimed, to establish that she actually sustained any injury-in-fact. Plaintiff also fails to allege that she was prevented from accessing the "Find a store" or "Contact" pages to address any issues she may have had either with the website itself, or to actually purchase a product. Because Appaman's website offered alternate means for Plaintiff to either obtain information about a product or to purchase a product, Plaintiff's ADA claim fails.

Rather, Plaintiff's Complaint only provides threadbare, conclusory allegations that Appaman's website contains accessibility barriers, and that she might return to the website to transact business should the accessibility barriers be cured. This, as in *Mendez*, is not an actual, properly pled concrete and particularized injury. Rather, it is a conjectural or hypothetical pled injury that Plaintiff has not actually sustained. As discussed above, Plaintiff was not at all prevented from actually purchasing Appaman's apparel or from getting information about apparel in which she might have had an interest.

272217878v.1

Accordingly, because Plaintiff has failed to: (1) identify any specific page(s) or product(s) on Appaman's website with the alleged accessibility barriers; (2) specifically identify any products or services she intended to purchase, but could not due to purported accessibility barriers; and/or (3) explain how the purported accessibility barriers harmed her, Plaintiff has not established the requisite Article III standing for her claims. Without well-pled allegations of a causal nexus specifically linking the purported accessibility barriers to an injury-in-fact, the Court does not have subject matter jurisdiction and must dismiss Plaintiff's ADA claim.

### III. Plaintiff Fails to Plead Sufficient Facts to State an ADA Claim

Courts analyze 12(b)(1) and 12(b)(6) motions through the same prism. *See*, *Amidax*, 671 F.3d at 145. For the same reasons articulated in Section II, Plaintiff's ADA claim should be dismissed via Rule 12(b)(6). Plaintiff has not, and cannot, state an ADA claim that is plausible on its face. Accordingly, Plaintiff has failed to state an ADA claim, plausible on its face, on which relief may be granted, and the Court should grant Appaman's motion.

### IV. Plaintiff Lacks Standing on Her NYCHRL Claim Because She Fails to Plead an "Injury in Fact"

As with her ADA claim, Plaintiff's NYCHRL claim also fails and should be dismissed, because it falls under the same standing requirements as the ADA. *See Mendez*, 2019 U.S. Dist. LEXIS 110640 at *9-10; *Kresler v. Humane Soc'y of New York*, 2018 U.S. Dist. LEXIS 171147, 2018 WL 4778914 (S.D.N.Y. Oct. 3, 2018) (finding lack of standing under the ADA and for the same reasons under the NYCHRL). Accordingly, Appaman adopts its Section II analysis for lack of standing as if fully set forth herein.

### V. Plaintiff Fails to Plead Facts Sufficient to State a Claim for NYCHRL

Again, Appaman adopts its Section II arguments as if fully set forth herein. Under a Rule 12(b)(6) standard, Plaintiff has failed to state a plausible claim under the NYCHRL on which relief can be granted. Accordingly, Appaman's motion to dismiss should be granted.

Further, part of the relief Plaintiff seeks in her NYCHRL claim are compensatory, civil, and punitive penalties per N.Y.C. Admin. Code §§ 8-120(8), 8-126(a), and 8-502. Compl. ¶ 52. Civil penalties, however, may be awarded only to New York City, and not to an individual such as Plaintiff. Per N.Y.C. Admin. Code §8-127(a): "Any civil penalties recovered pursuant to this chapter shall be paid into the general fund of the city." Moreover, Plaintiff has failed to allege the requisite elements of "discrimination with willful or wanton negligence, or recklessness, or a 'conscious disregard of the right s of others or conduct so reckless as to amount to such disregard.'" *Chauca v. Abraham*, 89 N.E.3d 475, 481 (N.Y. 2017) (citation and footnote omitted). Here, Plaintiff's Complaint fails to do nothing more than make conclusory allegations of "willful intentional discrimination." Compl. ¶ 51. Plaintiff has failed to adequately plead any factual allegations entitling her to punitive damages, as pleading intentional discrimination alone does not satisfy the standard set forth by the New York Court of Appeals in *Chauca*. *Chauca*, 89 N.E. 3d at 479. Accordingly, Plaintiff's NYCHRL claim is subject to dismissal.

## CONCLUSION

For the foregoing reasons, Appaman requests that the Court issue an Order dismissing Plaintiff's Complaint in its entirety for lack of jurisdiction per Rule 12(b)(1) for failing to adequately plead an injury-in-fact. Alternative, Appaman requests that the Court dismiss Plaintiff's ADA and NYCHRL claims per Rule 12(b)(6) for failure to state a plausible claim on which relief may be granted.

Dated:   White Plains, New York
         June 20, 2022

                                      Respectfully submitted,

                                      WILSON, ELSER, MOSKOWITZ,
                                      EDELMAN & DICKER LLP

                         By: */s/ Gregg A. Tatarka*
                             Gregg A. Tatarka, Esq.
                             1133 Westchester Avenue
                             White Plains, NY 10604
                             914-323-7000
                             gregg.tatarka@wilsonelser.com
                             Our File No.:  24447.00001

                             *Counsel for Appaman Inc.*